

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROGER EUGENE GRESHAM, §<br>§<br>Movant, §<br>§<br>V. §<br>§<br>UNITED STATES OF AMERICA §<br>§<br>Respondent. § | CIVIL ACTION 4:16-CV-519-L (BJ)<br>(Criminal No. 4:96-CR-036-L) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Defendant/Movant Roger Eugene Gresham ("Gresham") filed a successive motion for relief under 28 U.S.C. § 2255, after he was granted permission to file such a motion in this Court by the United States Court of Appeals for the Fifth Circuit. *See In re: Roger Eugene Gresham*, No.16-10766 (5th Cir. June 20, 2016). Resolution of that § 2255 motion and related matters was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6.[1] The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

## FINDINGS AND CONCLUSIONS

### I.   NATURE OF THE CASE

The case is a successive § 2255 motion challenging Gresham's sentence in underlying criminal case number 4:96-CR-036-L.

### II.   PARTIES

Roger Eugene Gresham ("Gresham") is the Defendant/Movant, and he is represented in this matter by the Office of the Federal Public Defender. The government is the respondent.

---

[1] Order for the Adoption of Rules for the Exercise of Powers and Performances of duties by United States Magistrate Judges, signed May 5, 2005.

## III.   BACKGROUND

After a trial to a jury, Gresham was found guilty of count one of the indictment, possession

of an unregistered firearm, in violation of 26 U.S.C. § 5681(d), and count two, felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1). No.4:96-CR-036-L, Criminal Doc. No. 60.[2] After

the verdict, the Government filed a Penalty Enhancement Information, reciting that Gresham had

been three times previously convicted of prior crimes that subject him to punishment under 18

U.S.C. § 924(e).  Crim. Doc. 65.  Based on Gresham's two prior Texas convictions for delivery of

cocaine and a New Mexico conviction for burglary, the then-assigned sentencing judge applied the

enhancement provision of the Armed Career Criminal Act ("ACCA")(18 U.S.C. § 924(e)(1)) and

sentenced Gresham to a total of 327 months of imprisonment.  Judgment, Crim. Doc. 93. Gresham's

conviction and sentence were affirmed on direct appeal.  Gresham's first motion for relief under §

2255 was denied. Crim. Doc. 116-117; No.4:98-CV-442-A (Order and Judgment entered August 3,

1998).  Gresham then filed numerous additional motions seeking relief against his conviction and

sentence, including several successive motions under § 2255.  Crim. Doc. 133, 134, 137, 140,

142,144, 155, 157, 178, and 179.  Gresham then filed the instant successive motion under § 2255,

after the Fifth Circuit authorized such filing.  The Fifth Circuit, in granting such authorization,

stated:

> Gresham now moves this court for authorization to file a successive motion
> under 28 U.S.C. § 2255(h) in light of the Supreme Court's decision in *Johnson v.*
> *United States*, 135 S. Ct. 2551 (2015), which determined that the residual clause of
> the ACCA was unconstitutionally vague.  This court will not grant authorization to
> file a successive § 2255 motion absent a prisoner's prima facie showing that his
> claims rely on either: (1) newly discovered evidence establishing that no reasonable
> factfinder would have convicted him of the underlying offense or (2) "a new rule of
> constitutional law, made retroactive to cases on collateral review by the Supreme

---

[2] The Court will cite to documents and entries from the underlying criminal docket as "Crim. Doc."
with the particular entry number. The Court will cite to documents filed in the civil case number (4:16-CV-
519-L) as "Doc." with the particular entry number.

Court, that was previously unavailable." § 2255(h); *Reyes-Requena v. United States,* 243 F.3d 893, 897-98 (5th Cir. 2001). The Supreme Court recently held that *Johnson* announced a new substantive rule of constitutional law that is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In his motion, Gresham contends that his New Mexico burglary conviction does not qualify as a violent felony under § 924(e) because it does not have an element of force, does not qualify as the enumerated offense of burglary, and can no longer qualify as a violent felony under the residual clause following *Johnson.* Our assessment of Gresham's motion is limited by the records available to us, and we express no view of the ultimate merit of his claims. We have sufficient information, however, to grant him authorization to proceed further under § 2255(h)(2). *See Reyes-Requena,* 243 F.3d at 899.

Accordingly, IT IS ORDERED that Gresham's motion for authorization to file a successive § 2255 motion is GRANTED.

*In re: Roger Eugene Gresham*, No. 16-10766 (5th Cir. June 20, 2016).

## IV.   LEGAL ANALYSIS

### A.   Introduction

*Johnson v. United States*, 135 S.Ct. 2551 (2015) determined that the residual clause of the ACCA was unconstitutionally vague. The basis of this § 2255 proceeding is, thus, limited to whether Gresham can meet his burden to seek relief through a successive motion under § 2255 pursuant to *Johnson*, and, if so, whether Gresham's New Mexico burglary conviction, as it no longer could qualify as a violent felony under the residual clause, could still qualify as a violent felony under the other sections of the ACCA.

Pending before the Court is the government's motion to dismiss the § 2255 motion as subsequently amended. Docs. 7 and 18. Gresham, through counsel, filed a response to the original and amended motions to dismiss. Docs. 12 and 20. This report will address the motion to dismiss, as amended, and will also address whether Gresham is ultimately entitled to relief under § 2255.

**B.**     **Whether the Successive § 2255 Motion is Subject to Review**

**1.     Law Applicable to Successive § 2255 Motions**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") modified the provisions of 28 U.S.C. §§ 2244, 2254, and 2255 related to successive collateral challenges, making it "significantly harder for prisoners filing second or successive federal habeas corpus motions to obtain hearings on the merits of their claims." *United States v. Orozco-Ramirez*, 211 F.3d 862, 864 (5th Cir. 2000). The final paragraph of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence, that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. §§ 2255(h)(1) and (2)(West Supp. 2017). Although the AEDPA included specific provisions in section 2244 detailing the requirements for successive § 2254 petitions by state prisoners, those details were not included in § 2255. *See Reyes Requena v. United States*, 243 F.3d 893, 897 n.8 (5th Cir. 2001) ("When AEDPA amended the various collateral review and habeas corpus statutes, it did not include the details applicable to successive § 2255 motions; rather, it simply referred to the § 2254 procedures detailed in § 2244"). In *Reyes Requena*, however, the Fifth Circuit, determined that § 2255 incorporates the detailed provisions of both § 2244(b)(3)(C) and § 2244(b)(4). *Id.* at 897-98. Those provisions provide:

> [(b)(3)](C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> . . . .

[b](4) A district court *shall dismiss any claim* presented in a second or successive application that the court of appeals has authorized to be filed *unless the applicant shows that the claim satisfies the requirements of this section.*

28 U.S.C.A. §§ 2244(b)(3)(C) and (b)(4)(West 2006)(emphasis added). Thus, before a defendant may receive a merits adjudication of his successive § 2255 motion, he must pass through two gates. *See In re Swearingen*, 556 F.3d 344, 347 (5th Cir. 2009) ("Section 2244 establishes two independent gates through which a motion to file a successive petition must pass before the merits will be addressed.") (citation omitted).

First, the inmate must present a motion to the court of appeals and therein make a prima facie showing that his application to file a successive § 2255 motion satisfies the requirements of § 2255(h). *See In re Morris,* 328 F.3d 739, 740 (5th Cir. 2003); *Reyes-Requena*, 243 F.3d at 897. Gresham has passed through this first gate. The Fifth Circuit concluded that he made a prima facie showing under § 2255(h)(2) on the claim by noting that "the Supreme Court has held that *Johnson* announced a new rule of constitutional law that is retroactively applicable to cases on collateral review" and noting "[w]e have sufficient information, however, to grant him authorization to proceed further under § 2255(h)(2)." *In re Gresham,* No. 16-10766 (5th Cir. June 21, 2016) (citing *Welch v. United States,* 136 S. Ct, 1257, 1265 (2016)). A prima facie showing is a sufficient showing of possible merit to warrant a fuller exploration by the district court. *See In re Hearn*, 418 F.3d 444, 445, 447-48 (5th Cir. 2005).

The second gate for Gresham is through this Court. The granting by the court of appeals of authorization to file a second or successive motion is "tentative," and the district court "is the second 'gate' through which the [2255 movant] must pass before the merits of his or her motion are heard." *In re Morris*, 328 F.3d at 741. The Fifth Circuit has explained:"the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the

court finds that the movant has not satisfied the requirements for filing of such a motion." *Id.* (citing *Reyes-Requena*, 243 F.3d at 899). This Court has the authority and obligation to dismiss any claim if the movant fails to satisfy the criteria identified in 28 U.S.C. § 2255(h). But, if those criteria are satisfied, then the case should proceed to full adjudication on the merits.

In *Reyes-Requena*, the district court dismissed the authorized, successive motion because the new rule invoked by the Court in *Bailey v. United States*, 516 U.S. 137 (1995), was not "a new rule of *constitutional* law." 28 U.S.C. § 2255(h)(2)(emphasis added). In affirming the district court's dismissal, the Fifth Circuit focused on this requirement:

> The Supreme Court in *Bailey* conducted a routine statutory analysis. *See* 516 U.S. at 144, 116 S.Ct. 501 ("We conclude that the language, context, and history of § 924(c)(1) indicate that the Government must show active employment of the firearm."). In *Bousley v. United States,* the Court reiterated the statutory nature of its *Bailey* case. *See* 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L. Ed.2d 828 (1998) (stating that *Bailey* "[decided] the meaning of a criminal statute enacted by Congress"). This statement affirmed our earlier holding to the same effect in *United States v. McPhail,* in which we held that *Bailey* "is a substantive, *non-constitutional* decision concerning the reach of a federal statute." 112 F.3d 197, 199 (5th Cir.1997) (emphasis added). As such, the *Bailey* decision does not put forth a "new rule of constitutional law." *See, e.g., Triestman,* 124 F.3d at 372 (stating that petitioner may not raise his *Bailey* claim in a second or successive § 2255 motion because *Bailey* was not a constitutional case) (collecting cases from other circuits); *United States v. Lorentsen,* 106 F.3d 278, 279 (9th Cir.1997) (stating that "*Bailey* announced only a new statutory interpretation, not a new rule of constitutional law" and thus was not a basis for a successive § 2255 motion).

*Reyes-Requena*, 243 F.3d at 900. Section 2244(d) did not allow the district court to decide, at the dismissal stage, whether the petitioner was entitled to relief under *Bailey*. The sole question was whether the *Bailey* rule was of the type described in § 2255(h)(2).

This case is distinguishable from *Reyes-Requena* because the parties agree that the new rule announced in *Johnson* is constitutional, substantive, previously unavailable, and has been "made" retroactive by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016). Gresham satisfies the initial criteria specified in 28 U.S.C. § 2244 because his claim "relies on" the rule in

*Johnson*, a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2244(b)(2)(A). But Gresham must also show that his claim "satisfies the requirements of this section" under § 2244(b)(4). The parties disagree on what burden Gresham must meet.

### 2.    Applicable Burden on Movant Gresham

The government recites that Gresham's burden cannot be met "unless he proves that he was sentenced using the residual clause." Amended Mot. To Dismiss, Doc. 18 (citing *In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016) ("If the district court cannot determine whether the residual clause was used in sentencing and affected the final sentence—if the court cannot tell one way or the other—the district court must deny the § 2255 motion.")). However, the *In re Moore* opinion, which was decided by a panel of judges in the Eleventh Circuit and cited by the government has been criticized and distinguished by another panel of judges in the Eleventh Circuit. *See In re Chance*, 831 F.3d 1335, 1339 (11th Cir. 2016) (Noting that the "commentary in [*Moore*] undoubtedly is dicta" and later noting that such "dicta . . . also seems quite wrong."). Other courts have criticized the *In re Moore* opinion and suggested that a successive § 2255 movant challenging an ACCA conviction that may no longer qualify as a violent felony, must meet a lesser burden. *See United States v. Booker*, Crim. No.04-049 (PLF), Civ. No. 16-1107 (PLF), 2017 WL 829094, at *4 (D.C. D.C. March 3, 2017) ("The government's position would create the absurd result that [a § 2255 Movant with a record devoid of the sentencing judge's intent] is not entitled to relief under *Johnson*, but a defendant who filed the same motion and had the same prior convictions would be entitled to relief if the sentencing judge years earlier had 'thought to make clear that she relied on the residual clause'") (quoting *In re Chance*, 831 F.3d at 1340); *see also Thrower v. United States*, 234 F.Supp.3d 372, 377 (E.D.N.Y. Feb. 13, 2017) ("[T]he vast majority of the district courts that have

considered the issue have decided that a petitioner meets his burden of proving constitutional error if the record is unclear and the petitioner shows that the sentencing court *may have relied* on the residual clause in calculating his sentence.") (emphasis in original).  Courts following this approach have reasoned that

> [w]here the record is silent and a court did not address any sentencing objections, it is unfair to require a petitioner to show 'actual reliance' on the residual clause. Absent any record by the Court or analysis in the PSR, there is no means by which a defendant could prove this fact.

*United States v. Hamilton*, 235 F. Supp. 3d 1229, 1234 (N.D. Okla. 2017)(emphasis added); *see also Maxwell v. United States*, No. 1:16-CV-00249 ERW, 2017 WL 690948, at *1 (E.D. Mo. Feb. 21, 2017) (noting that where a court cannot determine whether the petitioner was sentenced under the residual clause of the ACCA, the better approach is to find relief available because the court might have relied on the unconstitutional residual clause).

In an effort to obtain circuit court direction on this issue, this case was stayed pending the decision of the United States Court of Appeals for the Fifth Circuit in *United States v. Taylor*, 873 F.3d 476 (5th Cir. 2017), and was reopened on December 12, 2017 following that decision.  In *Taylor*, the Fifth Circuit recounted the analysis of the applicable burden to satisfy § 2255(h)(2) on a *Johnson* claim in other circuits, specifically noting the following:

> ● Ninth Circuit's standard that "when it is unclear [based on the record and the relevant background legal environment at the time of sentencing] whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in *Johnson*."  *Taylor*, 873 F.3d at 480 (citing *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017)).

> ● Tenth Circuit's standard that, when the sentencing record is unclear, courts should look to "the relevant background legal environment at the time of sentencing," and "[i]f there 'would have been no need for reliance on the residual clause,' then the defendant fails to meet his burden."  *Id.* at 480-81 (citing *United States v. Snyder*, 871 F.3d 1122, 1129-30 (10th Cir. 2017)).

● Eleventh Circuit's standard that, "to prove a *Johnson* claim, the movant must show that—more likely than not—it was the use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.* at 481 (citing *Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017)).

*Taylor*, 873 F.3d at 480-81. But the Fifth Circuit in *Taylor* ultimately declined to decide which, if any, of these standards it would adopt because Taylor's § 2255 claim merited relief under all of them. *Id.* at 481.

In the *Taylor* case, the presentence report recommended an enhanced sentence under the ACCA based, in part, on his Texas conviction for injury to a child. *Id.* at 477. Texas injury to a child is not an ACCA-enumerated offense, *see* 18 U.S.C. § 924(e)(2)(B)(ii) (providing that burglary, arson, extortion, and an offense that involves the use of explosives are ACCA predicates), and the record gave no indication of whether the sentencing court relied on the force clause or the residual clause when it found the crime to be an ACCA predicate. *Id.* at 477, 481-82. Moreover, the government pointed to no precedent at the time of sentencing that the offense qualified under the elements clause. *Id.* at 479. Indeed, although the Fifth Circuit had not yet ruled directly on the question of whether Texas injury to a child satisfied ACCA's elements clause, then-existing precedent suggested that the offense could have qualified only under the residual clause. *Id.* at 482. Accordingly, the Fifth Circuit concluded that "even using the Tenth Circuit's 'snapshot' [of the law at the time of sentencing] inquiry or the Eleventh Circuit's 'more likely than not' test," Taylor had demonstrated a constitutional injury and satisfied the showing required under Section 2255(h)(2). *Id.* at 482 ("[T]his court will not hold a defendant responsible for what may or may not have crossed a judge's mind during sentencing.")

Similarly here, a review of Gresham's 1965 burglary conviction, and the status of the law on generic burglary at the time of Gresham's conviction and sentencing, shows that Gresham has met his burden to demonstrate a potential constitutional injury. Of course, in order to be eligible for the

increased sentence under the ACCA, a defendant must have "*three* previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). In the Presentence Report ("PSR"), the only prior convictions that could have been considered as qualifying for Gresham were two prior 1987 convictions for "delivery of cocaine," intended as qualifying "serious drug offenses," and one 1965 burglary conviction arising from San Juan County, New Mexico. PSR, Crim. Doc. 173, ¶¶ 30, 34-36. These three offenses were expressly listed in the government's filing of a "Penalty Enhancement Information," with the burglary offense expressly listed as a "violent felony." Penalty Enhancement, Crim. Doc. 65 at 1. Gresham does not contest the applicability of the two drug offenses, but rather he argues that his burglary conviction may no longer be considered a "violent felony" under the portions of the ACCA other than the residual clause. The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year ... that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(emphasis added). The definition set forth in paragraph (i) is known as the "elements" or "force" clause. The non-italicized offenses listed in paragraph (ii) are the "enumerated offenses." The italicized words found in paragraph (ii) describing conduct that "presents a serious risk of physical injury to another" is the ACCA's "residual" clause, which has now been invalidated by *Johnson.* The *Johnson* Court, however, also expressly noted that their opinion "does not call into question application of the (ACCA) to the four enumerated offenses, or the remainder of the (ACCA's) definition of a violent felony." *Id.* at 2563.

10

It is not apparent from the records of the sentencing proceeding that Gresham's ACCA sentence was imposed under the residual clause. August 30, 1996 Sentencing Transcript, Crim. Doc. 97. Review of the sentencing proceeding reveals that although there were issues raised as to confirming Gresham as the same person who committed the burglary (confirmed), and a challenge to whether the burglary was too old for criminal history calculation (rejected because the burglary was considered for another purpose), there was no express consideration of the precise section of the ACCA. *Id.* Crim. Doc. 97, at 8-10. It is apparent, however, that the Court had been presented with only three total previous convictions that could qualify Gresham under the ACCA, and only one of those—the burglary conviction—was a qualifying conviction as a "violent felony." Because the Supreme Court has invalidated the residual clause, the only way Gresham's burglary conviction still qualifies under the ACCA is if it fits within the "enumerated offense" clause.[3]

According to the PSR, Gresham was convicted of New Mexico "burglary" for an offense he committed "on or about January 19, 1965," at age 19. (PSR at 7, ¶ 34.) The Court has attached as Exhibit 1 to this report a copy of the one-page document titled "Judgment and Sentence" dated April 12, 1965 from the Probation Department's supporting documentation acquired at the time of the 1996 sentencing proceeding.[4] According to that Judgment, Gresham "did enter without authorization, the building of Surplus City at Farmington, New Mexico, with intent to commit a felony therein on or about" January 19, 1965. Exhibit 1. As recited in that Judgment, the original statute of conviction was "Section 40A-16-3, N.M.S.A., 1953 Compilation as amended and revised." Exhibit 1.

---

[3] The Court assumes there is no argument that Gresham's 1965 burglary conviction falls within the "use of force" provision of the ACCA (§ 924(e)(2)(B)(i)). The listing of information about Gresham's burglary conviction in the PSR does not include any facts related to any use, attempted, or threatened, use of physical force, as recited in § 924(e)(2)(B)(i). PSR ¶ 34. Furthermore, the Judgment itself also does not recite any force elements. *See* Exhibit 1 *infra*.

[4] The attached Exhibit was certified as a true and perfect copy of the original by a State of New Mexico, County of San Juan official on July 24, 1996.

At the time Gresham committed the offense, the text of that law, titled "Burglary" read as follows:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> Whoever commits burglary is guilty of a fourth degree felony.[5]

The Supreme Court of New Mexico provided a summary of the development of that state's burglary law. *See State v. Office of Pub. Def. ex rel. Muqqddin*, 285 P.3d 622, 627 (N.M. 2012). In 1953, the state had various burglary offenses "designed to cover different factual scenarios, but each statute remained rooted in the common-law definition." *Id.* at 627. Then, in 1963, the New Mexico legislature "consolidated" all those offenses into a single offense of "burglary." *Id.* at 627. At the same time, the state made substantive revisions to the consolidated crime:

> In addition to the consolidation, there is no doubt that the Legislature did intend to expand the areas that could be burglarized, also known as the "prohibited space." Vehicles, watercraft, and aircraft are explicitly listed as prohibited space by the statute that were not previously the subject of burglary. *Compare* Section 30–16–3, *with* NMSA 1953, §§ 40–9–2 to–4,–6,–7,–10. However, this expansion is not without limit, nor does it represents [sic] such a radical departure from the common law that burglary's original purpose, the protection of the security of habitation, is no longer relevant. Rather, we agree with our predecessors in *Gonzales* that the new statute represents *a consolidation of the elements of the crime, see Gonzales,* 78 N.M. at 219, 430 P.2d at 377, *while at the same time expanding the prohibited space that can be burglarized.*

*Id.* at 630 (citing *Gonzales v. State*, 430 P.2d 376, 377 (N.M. 1967)) (emphasis added).

Thus, at the time Gresham was convicted of New Mexico burglary, all the various versions of that offense had been "consolidated" into a single offense, and the element of "prohibited space" had been expanded to include "vehicles, watercraft, and aircraft." By the time of Gresham's

---

[5] The language of the statute was enacted in 1963, and it remained unchanged until 1971. Counsel for Gresham provided a copy of the 1965 version of the statute as an attachment to the amended response. Doc. 21.

sentencing in 1996, the Supreme Court, in *Taylor v. United States*, 495 U.S. 575, 598 (1990) had already made clear that, as to the enumerated offenses of burglary, arson, or extortion, "Congress referred only to their usual or (in our terminology) generic versions—not to all variants of the offense." *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016). Thus, in 1996 it was already well-established that "generic" burglary for purposes of the enumerated offense clause was an offense committed in a "building or other structure," and therefore statutes prohibiting burglary of *other* places—such as "any booth or tent, or any boat or vessel, or railroad car"—were *not* generic burglaries. *See Taylor*, 495 U.S. at 598–600 (1990) (quoting Mo. Rev. Stat. § 560.070 (1969)). In other words, the language of the burglary statute under which Gresham was convicted in 1965 was *exactly* the kind of burglary statute that *Taylor* had declared non-generic in 1990. *Taylor*, 595 U.S. at 599 (noting that burglary statutes reaching "automobiles," as well as one reaching "any boat or vessel," were nongeneric because they included "places other than buildings" in the definition).

This Court finds, like the majority of courts to consider the issue, where a movant can show that the sentencing judge may have relied upon the now invalid residual clause in imposing his prior ACCA sentence, or the record is unclear whether the sentencing court relied upon the residual clause in finding the Defendant qualified for sentencing under the ACCA, that he has made a sufficient showing for the Court to then review whether he was prejudiced by the prior sentence. Here, as in *Taylor*, the government has pointed to no precedent that would show that Gresham's burglary conviction qualified under the enumerated offense clause. Rather, then-existing precedent from the Supreme Court's 1990 decision in *Taylor* suggests that the New Mexico burglary offense under which Gresham was convicted in 1965, N.M.S.A. § 40A-16-3, would not qualify as an "enumerated" burglary offense. As Gresham has made a preliminary showing that his burglary conviction, under then existing law, would not have qualified as an "enumerated offense," and as the residual clause

13

is now vacated, Gresham has made a preliminary showing under § 2255(h)(2) for the Court to consider his claim on the merits.

As a result, the government's motion and amended motion to dismiss the motion under 28 U.S.C. § 2255 (docs. 7 and 18) should be denied. *See generally Kirk v. United States*, No. 4:05CR52-GHD-DAS, 2016 WL 6476963, at *3 (N.D. Miss. Nov. 1, 2016) ("As the invalidation of the 'residual clause' was unavailable to [§ 2255 Movant] Kirk before [*Johnson v. United States*] was decided, he has fulfilled the gatekeeping provision of 28 U.S.C. § 2255(h), and the court will examine the merits of his § 2255 claim.")  If Gresham had challenged the classification of his burglary offense at any time prior to *Johnson*, that challenge would have been futile. The government would have fallen back on the residual clause, and under then existing precedent, the government would have prevailed. *See generally James v. United States,* 550 U.S. 192, 212 (2007) (noting that the residual clause "can cover conduct that is outside the strict definition of, but nevertheless similar to, generic burglary") (citation omitted).  By contrast, after *Johnson*, the Government can no longer fall back on the residual clause.  Gresham has satisfied the threshold requirements for the Court to consider his successive § 2255 motion on the merits, and the Court will review his claim on the merits.[6]

---

[6]  In Gresham's prior § 2255 motion filed in June 2014, he sought to challenge his sentence on the ruling of the Supreme Court in *Descamps v. United States,* 570 U.S. 254, 133 S.Ct. 2276 (2013). Crim. Doc. 179; *Gresham v. United States,* No.4:14-CV-470 (N.D. Tex. 2014).  This Court concluded that the motion was successive and transferred it to the Fifth Circuit.  A panel of the Fifth Circuit decided that the rule in *Descamps* had not been "made retroactive" by the Supreme Court, and denied that motion for authorization. *See In re Gresham*, No.14-11013 (5th Cir. Mar. 18, 2015).  The government argues that the Fifth Circuit's denial of authorization as to that different motion in 2015, affects this Court's analysis of the now-before-the-court 2016 § 2255 motion based upon *Johnson* that the Court of Appeals has already authorized.  This Court rejects the government's arguments as to this point for the reasons stated in the Amended Response at 5-8. Doc. 20, at 5-8.

### C.   Merits of Gresham's § 2255 Successive Motion

#### 1.   What Law Applies?

The Court must now turn to the issue of whether Gresham is entitled to relief against the sentence imposed without consideration of the now-invalid residual clause. Multiple courts have recognized that *Johnson* requires them to re-examine prior burglary offenses under current law to determine whether a defendant suffered prejudice when sentenced under the prior, unconstitutional version of ACCA. One district court explained that once the Defendant has overcome his burden to show the possibility that the sentencing judge may have relied on the residual clause, as Gresham has done here, intervening case law may be considered:

> Once that low hurdle is surmounted, intervening case law can then be used to determine whether the defendant was harmed by this potential error, i.e., whether the convictions would qualify as violent felonies under one of the ACCA's remaining clauses under current case law. Under this approach, a plausible argument that *Johnson* is implicated gets the defendant through § 2255's gate, and intervening case law can then be used to show that the residual clause impacted the defendant's sentencing.

*United States v. Carrion*, 236 F. Supp. 3d 1280, 1286 (collecting example cases of courts allowing defendants to rely on *Johnson* in combination with recent law to challenge their sentences) (footnotes and citations omitted). The court in *United States v. Harris*, 205 F. Supp. 3d 651 (M.D. Pa. 2016), reached the same conclusion:

> We reject the government's argument that Defendant's challenge to the burglary conviction is untimely or that Defendant's motion is really an untimely *Descamps* claim. His 2255 motion is properly based on *Johnson* (2015), as he has shown above that two prior convictions, escape and resisting arrest, could only have been based on the now-defunct residual clause, and thus can no longer be considered predicate offenses. Having shown that he properly invoked *Johnson* (2015), Defendant can proceed to establish that his prior convictions do not qualify him as a career offender under the ACCA under the elements clause or enumerated-offenses clause. . . . And he can rely on current law in doing so.

*Harris*, 205 F. Supp. 3d at 665 (citations omitted).

Critical to the analysis of whether current law may be reviewed is whether the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) may be considered by this Court. The Fifth Circuit has recognized that Mathis did not announce a new rule of constitutional law that has been made retroactive. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). Thus, *Mathis* itself does not authorize successive § 2255 review. But Gresham's authorization for review has already been granted under *Johnson*. As another court in this district observed, if a § 2255 movant could have shown that *Johnson* has applicability to his convictions and sentences, the Court could consider *Mathis*. *See Washington v. United States*, No.3:16-cv-1598-L-BN, 2017 WL 5036640, at *4-5 (N.D. Tex. Sep. 26, 2017), *rep. and rec. adopted*, 2017 WL 4948995 (N.D. Tex. October 31, 2017). The Court in *Washington* cited as authority the analysis in *United States v. Hamilton*, 235 F.Supp. 3d at 1235-36:

> *Johnson* opened the courthouse doors for Defendant because the now-invalid residual clause most likely caused him to be classified as an ACC. In other words, *Johnson* permits Defendant to seek collateral relief under § 2255 and renders the petition timely. Another threshold question arises of whether, in deciding the merits of the motion, the Court may consider *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), which impacts whether Defendant's burglary convictions alternatively qualify as violent felonies under the enumerated offense clause. . . .

> *Mathis* does not announce a new rule of law or have retroactive application to cases on collateral review. *See* [*United States v.*] *Taylor*, 672 Fed. Appx. [860] at 864, 2016 WL 7093905, at *4 [10th Cir. Dec. 6, 2016)] (collecting cases). Therefore, *Mathis* would not entitle a defendant originally sentenced under the enumerated offense clause to seek collateral relief on grounds that a sentencing court applied the now-invalid modified categorical approach. However, as explained above, Defendant was not sentenced under the enumerated offense clause as a matter of clear fact or law. Once *Johnson* permits Defendant to collaterally challenge his sentence based on a residual-clause error, the Court must apply current law on the enumerated offense clause to determine if that error was injurious or harmless. *See James*, 2016 WL 3936495, at *1 (United States conceded that, in light of *Mathis*, underlying burglary convictions were not violent felonies and that defendant was entitled to relief if court reached merits); *United States v. Baker*, 2016 WL 4593481, at *3 (D. Kan. Sept. 2, 2016)(same); *see also United States v. Hawkins*, No. 8:13CR343, 2016 WL 3645154, at *6–7 (D. Neb. June 30, 2016) (applying *Mathis*

in considering merits of § 2255 motion based on *Johnson*); *United States v. Barnett*, No. 06–CR–71–JMH–1, 2016 WL 3983318, at *2 (E.D. Ky. July 25, 2016) (same). Any other result would require the Court to apply an erroneous application of the modified categorical approach that has been corrected by the Supreme Court. Accordingly, the Court will consider *Mathis* in deciding the merits of Defendant's 2255 motion.

*United States v. Hamilton*, 235 F. Supp. 3d at 1235-36.

Further, another district court in this circuit, though recognizing that a § 2255 moving defendant could not rely upon *Mathis* to file a successive motion itself, noted that once *Johnson* is determined to permit a defendant to challenge his sentence under § 2255 based on a residual clause error, the Court must then apply current law, including *Mathis. See United States v. Scott*, Civ. No. 99-05-JJB-EWD, 2017 WL 3446030, at *2-3 (M.D.La. Aug. 10, 2017) (footnote and citation omitted); *see generally Thrower v. United States*, 234 F. Supp. 3d at 381 ("[N]umerous district courts that have considered the issue agree that courts should look to current law in deciding whether a crime constitutes a violent felony when a petitioner challenges his sentence under § 2255.") (collecting cases).

Thus, following the analysis in *Washington, Scott, Hamilton* and these other cases, since the Court has already found that Gresham has made the preliminary showing that he could be entitled to relief under *Johnson,* the Court concludes that it must review and apply current law, including the *Mathis* analysis, to the merits of whether Gresham is ultimately entitled to relief. For a prior conviction to fall within the enumerated offense clause, the conviction must have been for the generic version of the enumerated offense. *See Taylor*, 495 U.S. at 598. As noted above, in the case of burglary that means "a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime.'" *Mathis*, 136 S. Ct. at 2248 (quoting *Taylor*, 495 U.S. at 598). In *Mathis*, the Supreme Court clarified how courts are to determine whether a particular statutory violation falls within the generic version of an enumerated

offense. The Court must apply "the categorical approach; they focus solely on whether the elements

of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the

particular facts of the case." *Id.* (citation omitted). "But if the crime of conviction covers any more

conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual

conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Id.* The Court

explained that it had previously recognized a "modified categorical approach" in which courts, if the

statute lists elements in the alternative and thereby defines multiple crimes, may also look to certain

documents (for example the indictment, jury instructions or plea agreement and colloquy) to assist

that determination. *Id.* at 2249. In *Mathis*, however, the Court explained that such approach was

not applicable when a statute listed only the alternative means of committing a single crime. *Id.* at

2249-53.

The Supreme Court in *Mathis* noted that the Iowa burglary statute at issue, Iowa Code §

702.12 (2013), was much broader than the generic offense of unlawful entry into a building or

structure as recognized in *Taylor* because it reached a broader range of places: "any building,

structure, *[or] land, water, or air vehicle*." *Id.* at 2250. The Court explained that the statute did not

state alternative elements leading toward separate crimes, but "only alternative ways of satisfying

a single locational element." *Id.* The district court, as affirmed by the Eight Circuit, had recognized

that the Iowa statute, by covering vehicles in addition to structures, swept more broadly than generic

burglary, but the court still inspected the underlying records of Mathis' prior convictions to

determine that he had actually burgled structures, rather than vehicles. *Id.* The Supreme Court

rejected the lower court's analysis that the alternative means (or locations) amounted to alternative

elements that in turn could justify the practice of considering Mathis' underlying conviction records.

*Id.* at 2250-2253. The Supreme Court explained:

[T]he elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary). *See supra*, at 2249-2250. Under our precedents, that undisputed disparity resolves this case. We have often held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. *See, e.g., Taylor*, 495 U.S. at 602, 110 S. Ct. 2143. How a given defendant actually perpetrated the crime—what we have referred to as the "underlying brute facts or means" of commission, *Richardson*, 526 U.S. at 817, 119 S. Ct. 1707—makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence. . . .

. . . .

For these reasons, the court below erred in applying the modified categorical approach to determine the means by which Mathis committed his prior crimes. 786 F.3d at 1075. ACCA, as just explained, treats such facts as irrelevant: Find them or not, by examining the record or anything else, a court still may not use them to enhance a sentence.

*Id.* at 2251, 2253.

### 2.    Application of Law to New Mexico Burglary

As noted above, at the time of his 1965 conviction, the language of the burglary statute was in N.M.S.A. § 40A-16-3, and provided:

Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.

Whoever commits burglary is guilty of a fourth degree felony.

Very similar language is now placed in Section 30-16-3(B) of the New Mexico statutes. *See New Mexico v. Bybee*, 781 P.2d 316, 217 (N.M. Ct. App. 1989) ("Examination of Section 30-16-3 indicates that the present language of the statute parallels a prior statute enacted in 1963 as a part of the comprehensive revision of the Criminal Code"); s*ee also New Mexico v. Richter*, 596 P.2d 268, 269 (N.M. Ct. App. 1979) ("Burglary" cited as Section 30-16-3(B), N.M.S.A. 1978 (formerly Section 40A-16-3(B), N.M.S.A. 1953). The language of N.M.S.A. § 30-16-3 (1978) provides:

Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.

A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.

B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M.S.A. § 30-16-3. A review of this language shows that the wording of section 30-16-3(B) now incorporates the wording of former section 40A-16-3, except for the removal of entry of a "dwelling" which is now listed as separate third degree felony in subsection A. Perhaps because the language of 40A-16-3 was moved into 30-16-3(B) long before the ACCA was enacted and the federal courts began analyzing the ACCA definition, this Court's research has not located any court review and analysis of whether section 40A-16-3 could qualify as a "violent felony" under the ACCA. The Court, however, has reviewed many decisions regarding whether the very similar language of the fourth degree burglary set forth in N.M.S.A. § 30-16-3(B) defines an ACCA crime of violence.

The Court finds especially instructive the report and recommendation of a New Mexico district court reviewing 30-16-3(B) in a post-*Mathis* analysis that was ultimately adopted by the district judge, resulting in a grant of relief under § 2255 and the resentencing of defendant Harris:

Pursuant to *Mathis*, New Mexico burglary defines two separate crimes. Paragraph(A) defines classic residential burglary that comports with the generic definition of burglary, as announced in *Taylor*: 1) the unlawful or unprivileged entry into 2) a building or other structure with 3) the intent to commit a crime therein. In fact, paragraph (A) is narrower than generic burglary because it contains a more restrictive structure term, that is, the structure must be a dwelling house.

The parties dispute whether paragraph (B) defines the elements for several crimes or simply enumerates various factual means of committing the structure element. Harris argues that paragraph (B) enumerates various factual means of committing the structure element and defines only one crime. The United States, on the other hand, contends that the phrase "any vehicle, watercraft, aircraft or other structure" is not an illustrative list of ways to commit the locational element, but is

rather "a definitive list of items which 'effectively creates several different crimes.'" (Doc. 181) (quoting *United States v. Howard*, 742 F.3d 1334, 1347 (11th Cir. 2014).)

I am not persuaded by the United States's contention that paragraph (B) defines multiple crimes and lists alternative elements. Rather, paragraph (B) defines one crime, *see State v. Ervin*, 96 N.M. 366,630 P.2d 765, 766 (N.M. Ct. App. 1981) ("Our burglary statute merely differentiates between residential burglary and burglary of other [locations].") , and lists alternative means of committing the locational element. The means contemplated by paragraph (B)—vehicles, watercraft, aircraft, etc.—are broader than generic burglary because they do not solely encompass structures. Accordingly, a conviction pursuant to NMSA § 30-16-3(B) does not fit the definition of generic burglary for purposes of the ACCA.

A conviction under paragraph (B) of the New Mexico burglary statute does not fall within the force clause, nor does it constitute an enumerated crime for purposes of the ACCA. To qualify as a predicate offense, a conviction under NMSA § 30-16-3(B) would need to fit within the force clause. *Johnson*, 576 U.S. at ——, 135 S. Ct. at 2563 (holding the residual clause of the ACCA unconstitutional for vagueness). Neither paragraph of New Mexico burglary includes as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). A conviction under paragraph B of the New Mexico burglary statute cannot qualify as an ACCA predicate under the force clause. Because a conviction under paragraph B of the New Mexico burglary statute does not qualify as an enumerated crime nor under the force clause, it cannot be used as an ACCA predicate offense. *See Welch v. United States*, —— U.S.——, 136 S. Ct. 1257, 1264-65, 194 L.Ed.2d 387 (2016) (holding that Johnson announced a substantive new rule and applies retroactively on collateral review).

*United States v. Harris*, CV 16-476, CR 10-3150, 2017 WL 3588639, at *2-3 (D.N.M. Feb. 1, 2017)

(footnote omitted), *rep. and rec. adopted, United States v. Harris*, No. 2:10-CR-3150-JAP, ECF No.

188 (D.N.M. April 18, 2017) (Order Adopting Proposed Findings and Recommended Disposition);

*see United States v. Harris*, No. 2:10-CR-3150-JAP, ECF NO. 194 (D.N.M. June 8, 2017)

(Amended Judgment resentencing defendant Arthur Harris).

Other New Mexico district courts have reached the same determination. *See United States*

*v. Jimenez*, No.03-CR-1832, 16-CV-0661, 2016 WL 9776583, at *8 (D.N.M. Dec. 23, 2016)

(distinguishing Jimenez's prior convictions as occurring under § 30-16-3(B) and not New Mexico's

"generic definition of burglary" in § 30-16-3(A) and finding that § 30-16-3(B) is overbroad because

it encompasses unlawful entry into more than just "buildings or other structures" but also unlawful entry into vehicles and watercraft); *see also United States v. Lemos*, Civ. No. 16-441 LH/KK, Cr. No. 06-1436 LH, 2017 WL 3608245, at *5-8 (D.N.M. Jan. 23, 2017) (holding that because non-residential burglary is broader than that of generic burglary since it explicitly includes vehicles, watercraft, aircraft, and other movable structures, it does not qualify as a violent felony under the ACCA's enumerated clause), *rep. and rec. adopted, United States v. Lemos*, No. 1:06-CR-1436-JAP, ECF No. 90 (D.N.M. April 17, 2017) (Order Adopting Proposed Findings and Recommended Disposition); *see United States v. Lemos*, No. 1:06-CR-1436-JAP, ECF NO. 98 (D.N.M. June 15, 2017) (Amended Judgment resentencing defendant Daniel Jesus Lemos); *see also United States v. Barela*, No. Civ. 16-0339 JAP/LAM, No. CR 09-CR-1250-JAP, 2017 WL 4280584 (D.N.M. 2017) (finding that New Mexico non-residential (sometimes called "commercial") burglary [§ 30-16-3(B)] is not divisible, and, therefore, broader than federal generic burglary, and as the defendant's ACCA sentence was based in part on prior commercial burglary convictions, he was entitled to re-sentencing); *see generally United States v. Cook,* No.15-CR-0772 MV, 2018 WL 1157765, at *2 (D.N.M. 2018) (noting in dicta that "there may be emerging consensus that New Mexico commercial burglary is not a violent felony under the ACCA.")

The Court notes that prior to *Mathis*, the Tenth Circuit had applied the modified categorical approach to determine whether non-residential burglary under 30-16-3(B) qualified as a violent felony under the ACCA. *See United States v. Silva*, 608 F.3d 663, 665-69 (10th Cir. 2010); *United States v. King*, 422 F.3d 1055, 1057-58 (10th Cir. 2005); *United States v. Lujan*, 9 F.3d 890, 892-93 (10th Cir. 1993). As is clear from this Court's analysis of *Mathis* and as explained in these New Mexico district court cases, however, *Mathis* would no longer permit the application of the modified categorical approach to § 30-16-3(B) or its predecessor §40A-16-3. As the district court determined

in *Lemos,* the prior decisions in *Silva, King,* and *Lujan* are no longer binding. *Lemos,* 2017 WL 3608245, at *7 n.8 (citing *United States v. Killion,* 7 F.3d 927, 930 (10th Cir. 1993) ("Tenth Circuit panel decisions bind this Court 'absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court.'").

After review of this recent New Mexico district court authority analyzing the virtually identical language of New Mexico § 30-16-3(B) under the now-applicable controlling analysis from *Mathis,* the Court finds that former New Mexico burglary provision § 40A-16-3 does not qualify as an enumerated offense. The alternative means contemplated by 40A-16-3—vehicles, watercraft, aircraft, etc.—are broader than generic burglary because they do not solely encompass structures. Furthermore, applying *Mathis* and the cited district court rejection of the Government's argument that § 30-16-3(B) defines multiple crimes, the Court rejects any argument that former § 40A-16-3 defined more than one crime and, instead, merely listed alternative means to satisfy the location element for burglary. Accordingly, the Court finds that former New Mexico § 40A-16-3 does not fall within the enumerated offense definition of generic burglary for purposes of the ACCA.

The Court further finds that since Gresham's 1965 burglary can no longer qualify as a "violent felony" under the ACCA, and he would be left with only the two previous drug offenses, he no longer has the necessary three previous convictions to support a sentence under the ACCA, 18 U.S.C. § 924(e)(1). Therefore, Gresham's successive motion under § 2255 should be **GRANTED**.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the government's motion to dismiss, as amended, [docs. 7 and 18] be **DENIED** by the district judge**.**

It is further **RECOMMENDED** that the district judge grant the successive motion for relief under § 2255 to the extent that Gresham's ACCA based sentence be **VACATED**, and Gresham be scheduled for re-sentencing without application of the ACCA.[7]

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1).

## ORDER

Under 28 U.S.C. § 636, it is **ORDERED** that the parties are  granted until **April 25, 2018** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

---

[7] Gresham's counsel argues that he could be eligible for immediate release. Doc. 20, at § IV. Thus, if these recommendations are adopted by the district judge, the undersigned recommends an expeditious schedule for re-sentencing, but will defer to the district judge concerning the terms of any specific scheduling order and whether any amended PSR will be needed.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be, and is hereby, returned to the docket of the United States District Judge.

SIGNED April 11, 2018.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

(358')

STATE OF NEW MEXICO }
COUNTY OF SAN JUAN } ss

STATE OF NEW MEXICO
COUNTY OF SAN JUAN

I hereby certify that the above and
foregoing *Judgment & Sentence*
is a true and perfect copy of the original on file in my office.

*Gerrie Sterling*  7-24-96
SAN JUAN COUNTY DETENTION CENTER

DISTRICT COURT

**STATE OF NEW MEXICO,**

PLAINTIFF

vs.

**ROGER GRESHAM,**

DEFENDANT

APR 12 1965

*Virginia A. Littell*
CLERK

No. **2524**
CRIMINAL

## JUDGMENT AND SENTENCE

This matter coming duly and regularly on for hearing before the court upon the criminal information filed herein, the Defendant being present in court in person and being represented by his attorney **STEVE GROVER** and being required to plead to the said criminal information pleads guilty to the crime of

**Burglary, in violation of Section 40A-16-3, N.M.S.A., 1953 Compilation as amended and revised, in that he did enter without authorization, the building of Surplus City at Farmington, New Mexico, with intent to commit a felony therein on or about the 19th day of January, 1965,**

and the Court having heard the said plea of guilty, and being otherwise fully informed in the premises, finds the Defendant guilty as charged in said criminal information.

IT IS, THEREFORE, THE JUDGMENT AND SENTENCE OF THE COURT, that the said Defendant **ROGER GRESHAM**

be confined in the State Penitentiary at Santa Fe, New Mexico, for a period of not less than

**one (1) year** and not more than **five (5) years; all of said sentence to be suspended except for ninety (90) days in the San Juan County Jail, on condition that the defendant shall not, for a period of one year from the date of his release, violate any of the laws of the United States of America, nor of any State thereof, nor the ordinances of any municipality in the State of New Mexico. Defendant shall be placed on probation for a period of one year from the date of his release from the San Juan County Jail and shall abide by all the terms of the Probation Agreement which is, by reference thereto, made a part of this Judgment and Sentence.**

C. C. McCULLOH
DISTRICT JUDGE

EXHIBIT 1