IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROGER EUGENE GRESHAM,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **4:16-CV-519-L** |
| | § | Criminal Case No. 4:96-CR-36-L |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

On April 11, 2018, United States Magistrate Judge Jeffrey L. Cureton entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny the Government's Motions to Dismiss (Docs. 7 and 18); grant Petitioner Roger Eugene Gresham's ("Petitioner") habeas petition for relief under 28 U.S.C. § 2255; vacate Petitioner's sentence and resentence him without application of the Armed Career Criminal Act ("ACCA") in light of the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Judge Cureton notes that Petitioner argues in response to the Motion to Dismiss that he could be eligible for immediate release given the time he has served to date. Judge Cureton, therefore, recommends an expeditious schedule for resentencing if his Report is accepted by the court. The Government filed objections to the Report, contending that: (1) Petitioner "cannot meet his burden to show that he was sentenced under a now-invalid" ACCA residual clause; and (2) the Fifth Circuit's 2015 order denying Petitioner's prior motion for authorization to file a successive habeas petition under section 2255 on a different ground is a bar to his current section 2255 habeas petition, even though the Fifth Circuit authorized the filing of the successive petition in this case.

After considering the motion, file, record in this case, and well-written Report, and conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge, which include a thorough analysis of all issues raised by the parties, are correct and **accepts** them as those of the court. The court, therefore, **overrules** the Government's objections; **denies** the United States' Amended Motion to Dismiss (Doc. 18); **denies as moot** the United States' Motion to Dismiss (Doc. 7); **grants** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255; and **vacates** Petitioner's sentence and the judgment entered against him in Criminal Case No. 4:96-CR-36-L. A scheduling order for resentencing Petitioner will issue forthwith by separate order in his criminal case in accordance with section 2255(b).[*] The clerk of the court **shall** file this order in this civil action and Petitioner's criminal case.

**It is so ordered** this 31st day of October, 2018.

Sam A. Lindsay
United States District Judge

---

[*] Section 2255(b) provides:

If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.